DAVIS, Judge.
Luis A. Romero challenges the trial court’s nonfinal case management order in the action between Romero and plaintiffs below, Erik A. Abrahamson, P.A., and Ui-terwyk & Barnes, P.A., d/b/a Abrahamson, Uiterwyk & Barnes (collectively “the law firm”). In the order, the trial court restricted the parties from communication with noncourt personnel regarding issues related to the litigation.[1] Because on its face the order exceeds the scope of case management by preventing the parties from engaging in future case-related speech without making the necessary findings to support the entry of an injunction, we reverse.
Romero initially sought to collect money he claimed the law firm owed him and his medical clinic. Eventually the law firm brought an action against Romero, and it is alleged that during the litigation Romero engaged in tactics such as picketing outside the law firm and posting derogatory comments about the law firm and the pending case online. As a result, the law firm twice sought a temporary injunction to prevent Romero from engaging in activities related to dispersing defamatory information about the firm. The trial court denied both motions. The second motion was denied in conjunction with a case management hearing, after which the trial court entered the instant case management order that purports to prevent Romero from speaking about the case in the future to anyone other than court personnel.
On appeal, Romero argues that this case management order is an injunction resulting in the prior restraint of his speech-related activities and that it thus violates his First Amendment rights. He further argues that the trial court failed to make the specific findings that are statutorily required before speech can be enjoined. The law firm, however, argues that the order is merely a case management order in which the trial court sought to protect the discovery process from Romero’s future picketing and online activity.
We conclude that by granting the same relief requested in the second motion for temporary injunction, which the trial court simultaneously denied, the order on ap *872 peal, on its face, goes beyond the stated intent of case management. See generally Fla. R. Civ. P. 1.200. We therefore agree with Romero that the order is an injunction for the purposes of this review. Accordingly, we must determine whether the injunction is an unauthorized prior restraint on speech or whether it is a proper exercise of the trial court’s authority to control the dissemination of information gleaned through the court’s process or as a protection of that process. See Forrest v. Citi Residential Lending, Inc., 73 So.3d 269, 275-76 (Fla. 2d DCA 2011).
In Forrest, this court affirmed the trial court’s injunction specifically prohibiting the dissemination of information gleaned from the discovery process. Id. at 277. By contrast, the prohibition in the instant order goes beyond information learned in discovery and broadly prohibits “any communication regarding any and all issues involved in or related to the subject action with any person outside the [cjourt process.” The order restricted Romero’s otherwise protected speech. Such limitations on protected speech must be considered presumptively invalid and may be justified only if the purpose that is intended to be accomplished is a compelling state interest and does so by the least restrictive means. See Animal Rights Found. of Fla., Inc. v. Siegel, 867 So.2d 451, 457 (Fla. 5th DCA 2004) (reversing injunction which resulted in a prior restraint of constitutionally protected freedom of expression and noting that “[u]nder strict scrutiny, ... a court must review the [regulation] to ensure that it furthers a compelling state interest through the least intrusive means” (second alteration in the original) (internal quotation marks omitted)). Thus the order is one of prior restraint, and it is clear from the trial court’s denial of the two motions for temporary injunction that the necessary findings required to prevent Romero from engaging in such future speech were not made by the trial court before entering the order. See Animal Rights Found., 867 So.2d at 454-55 (applying the applicable standards that must be proven in granting a temporary injunction prohibiting picketing and speech).[2]
Accordingly, we reverse the trial court’s order that prevents Romero from engaging in future case-related speech.
Reversed.
WHATLEY and WALLACE, JJ., Concur.

. We treat this order as one related to an injunction and have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).

. We note that nothing in this opinion should be read to conclude that the trial court could not have made the necessary findings and entered an order of temporary injunction.